THE STATE OF OHIO, APPELLEE, *v.* REESE, APPELLANT.

(No. C-811035—Decided December 8, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. Bruce A. Favret,* for appellant.

*Per Curiam.* This is appellant's second appeal to this court. The first was from the judgment of guilt following his plea of no contest to both counts of aggravated trafficking in LSD in violation of R.C. 2925.03(A)(7). We affirmed that judgment, holding that the trial court had substantially complied with Crim. R. 11(C) and that the plea was voluntarily, intelligently and knowingly made.

Thereafter, appellant, George M. Reese, filed a petition for post-conviction relief under R.C. 2953.21, alleging that he was denied the effective assistance of counsel. Specifically he points to counsel's failure to investigate the facts of his case, to interview witnesses named by defendant, to subpoena those witnesses, to "construct" a defense, to prepare a defense of entrapment, and to inform him fully of the elements of the offenses and the effect of his plea, as well as psychologically manipulating him into pleading no contest by failing to have either witnesses or a defense ready on the day the case was set for trial. A full evidentiary hearing was held, in the course of which appellant presented six witnesses, including himself.

The trial court found from the evidence that counsel made reasonable efforts to contact the named witnesses, that those he contacted had no testimony of any assistance to appellant's defense, that no one threatened appellant or otherwise manipulated or forced him to offer his no contest plea, and that he was fully aware of the fact he would be required to serve a substantial amount of time in prison considering his record. Appellant's evidence utterly failed to demonstrate that the unsubpoenaed witnesses had any relevant testimony to give or that appellant had or could produce competent evidence of the existence of an entrapment defense or any other defense. The court concluded that his plea was legally valid, that he was not deprived of the effective assistance of counsel, and that his constitutional rights were not violated.

Appellant claims in his two assignments of error that the trial court erred in finding he had effective assistance of counsel and in finding his plea was valid. We find no merit in either assignment of error, because the evidence before the court was amply sufficient to sustain its findings of fact, and these findings support the court's legal conclusions. The mere failure to subpoena witnesses for a trial is not a substantial violation of defense counsel's essential duty to his client in the absence of any showing that the testimony of any one or more of the witnesses would have assisted the defense to the indictment.

We affirm.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and BLACK, JJ., concur.