OPINION
Appellant Jeff Shiflett is appealing the decision by the Stark County Court of Common Pleas, Juvenile Division, finding him delinquent on one count of rape and one count of felonious sexual penetration.
On December 18, 1996, a complaint was filed against appellant in the juvenile court. The charges were the result of a sexual assault that occurred between appellant and a nine-year old victim between June 1, 1995 and September 1, 1995. On April 16, 1997, the trial court adjudicated appellant delinquent. The trial court conducted a dispositional hearing on May 7, 1997, and committed appellant to the Department of Youth Services for a minimum of one year on each complaint, with one dispositional suspended.
Appellant filed written objections on May 1, 1997. The trial court overruled appellant's written objections on June 10, 1997. Appellant also filed a motion for new trial on May 30, 1997. The trial court overruled appellant's motion on July 3, 1997. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT OF DELINQUENCY BY THE TRIAL MAGISTRATE AND OVERULING (SIC) OF THE OBJECTION BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR NEW TRIAL.
 III. APPELLANT WAS DENIED EFFECTIVE REPRESENTATION OF COUNSEL AT HIS TRIAL.
 I
Appellant contends, in his first assignment of error, that the finding of delinquency, by the trial court, was against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175. This standard is equally applicable to review of an adjudication of delinquency in light of the parallels between a criminal conviction and a finding of delinquency. In Re Watson
(1989), 47 Ohio St.3d 86.
In support of this assignment of error, appellant argues that the victim's testimony in this case was inconclusive, at best, and that appellant changed her testimony, during direct and cross-examination, regarding an incident when appellant showed her pornographic material. Appellant also points out that Sergeant Shankle, the officer who filed the complaint, was not even sure of the date of the incident until he talked to the Department of Human Services. Further, appellant testified, at trial, and stated that he was not at the residence where the incident occurred after September of 1993.
We find, based upon the evidence presented at the adjudicatory hearing, that the fact finder did not clearly lose its way in resolving conflicts in the evidence. The victim was able to testify in great detail about the incident between her and the appellant. She was able to testify regarding how appellant stuck his finger and penis in her vagina. Tr. at 9, 10, 11. The fact that appellant did not remember the exact date on which the incident occurred, circumstantial evidence was presented, by the State, to establish that it occurred sometime during the summer of 1995 and within the time period contained in the complaint. Further, the victim's counselor, Donna Ratte, testified that the victim consistently relayed to her, on ten separate occasions, the abuse by appellant. Tr. at 65.
The trial court's decision was not against the manifest weight of the evidence.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred when it denied his motion for new trial. We disagree.
Appellant's motion for new trial was based, in part, on an affidavit, with a notice of other witnesses, which questioned the victim's knowledge of sexual matters and how she acquired this sexual knowledge.
Crim.R. 33 (A)(6) addresses a motion for new trial based upon the discovery of new evidence and provides as follows:
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
In order to grant a motion for new trial pursuant to Crim.R. 33, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the existence of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence. State v. Petro (1947), 148 Ohio St. 505, syllabus.
The affidavits submitted by appellant, in support of his motion, have nothing to do with the incident between him and the victim. The affidavits contain testimony regarding sexual contact the victim may have had with other people. This evidence would be relevant only for impeachment purposes and probably would not even be admissible under R.C. 2907.02(D), Ohio's Rape Shield Law. In addition, appellant has not established that he could not have discovered this evidence, with reasonable diligence, prior to the commencement of his trial in this matter.
The trial court did not err when it denied appellant's motion for new trial.
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant contends he was denied effective assistance of counsel. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been otherwise.
Appellant bases his claim for ineffective assistance of counsel on the basis that defense counsel failed to subpoena certain witnesses that could have presented favorable testimony on his behalf. It has long been held by the courts that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. The mere failure to subpoena witnesses for a trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice." State v.Coulter (1992), 75 Ohio App.3d 219, 230, citing State v. Hunt
(1984), 20 Ohio App.3d 310, 312; and State v. Reese
(1982), 8 Ohio App.3d 202, 203.
Defense counsel's failure to subpoena certain witnesses, on appellant's behalf, did not rise to the level of ineffective assistance of counsel.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00201
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.