OPINION
Defendant-appellant Kenneth Travis appeals his conviction and sentence in the Delaware County Court of Common Pleas on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), one count of theft, in violation of R.C. 2913.02(A)(1), with a firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Prior to beginning his shift on April 16, 1997, Sgt. James Rose of the Delaware Police Department patronized the Revco Drug Store in the Georgetowne Shopping Plaza on Troy Road, in Delaware, Ohio. Although Sgt. Rose was dressed in his uniform, his windbreaker concealed his badge and gun. When the officer exited the pharmacy, he noticed a young black man, who was later identified as Chermico McCrory, emerge from an alley directly north of the shopping center. Upon seeing the police officer, McCrory, who was dressed in a black-hooded sweatshirt, re-entered the alley and walked to the front of the plaza.
Believing McCrory might rob the pharmacy, Sgt. Rose returned to the store and began to search the aisles. Through the front store windows, the officer observed McCrory, who was wearing a ski mask and had drawn a gun, run into the Fidelity Federal Bank. After instructing the store manager to call "911", Sgt. Rose positioned himself outside the bank behind a brick pillar. When McCrory exited the bank, the officer effectuated an arrest.
After hearing an all-points bulletin advising of the bank robbery, Officer William Deckling proceeded to the area of the Georgetowne Shopping Plaza in order to assist Sgt. Rose. Upon arriving at the scene, Sgt. Stansberry, the supervisor, instructed Officer Deckling and another officer to search the area for a possible accomplice. Officer Deckling checked the parking lot for suspicious looking persons and/or vehicles. When the search of the parking lot produced nothing unusual, Deckling expanded his search to the parking lot of the Georgetowne Apartments, which are located north of the shopping plaza. The officer immediately noticed a white Cadillac, which bore out of county license plates and was backed into a parking space. The officer also noticed an individual sitting in the driver's seat of the Cadillac. After radioing the vehicle registration into headquarters and requesting a backup unit, Deckling saw Detective Leatherman's unmarked car a short distance away.
Officer Deckling advised Detective Leatherman of his observations and the two men returned to the parking lot and approached the Cadillac. Upon reaching the vehicle, Deckling instructed the driver, who had identified himself as "Ken", to exit the car. Thereafter, Deckling asked the driver for permission to look inside the glove box for the registration. Inside the glove box, the officer found a wallet and the registration. The registration indicated Chermico McCroy owned the Cadillac. The driver's license also belonged to McCrory. Appellant was identified as the individual in the Cadillac. Deckling and Detective Leatherman questioned appellant and eventually placed him in custody.
On April 25, 1997, the Delaware County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C.2911.01(A)(1), and one count of theft, in violation of R.C.2913.02(A)(1). Each count carried a firearm specification. At his arraignment on April 29, 1997, appellant entered a plea of not guilty to the charges contained in the indictment. On May 23, 1997, Attorney David Birch filed a Motion to Suppress, which the trial court denied after a hearing on June 19, 1997.
The matter proceeded to trial on July 1, 1997 and July 2, 1997. At trial, the State presented the testimony of Deputy James Harrow of the Franklin County Sheriff's Department. Harrow testified, while on routine parole on January 20, 1995, he stopped appellant for a traffic violation. After running a check on appellant's driver's license, Harrow learned that the license was expired and appellant had several outstanding traffic warrants. Ultimately, Harrow placed appellant under arrest. During a routine inventory of appellant's vehicle, the deputy found a .9 millimeter Glock semi-automatic pistol, a loaded magazine, and forty rounds of .9 millimeter ammunition. The gun was the same gun used by McCrory during the robbery of the Fidelity Federal Bank.
During a recess prior to Harrow's testimony, Attorney Birch objected to the deputy's testifying about appellant's prior arrest. He asserted the prejudicial effect outweighed the probative value. The trial court overruled the objection finding the testimony fell within the exceptions to Evid.R. 404(B) and was not unduly prejudicial. Attorney Birch did not object during the deputy's direct examination when he testified regarding appellant's expired driver's license and the outstanding warrants.
After hearing all the evidence and deliberations, the jury found appellant guilty of all the charges contained in the indictment. The trial court found the theft offense was a lesser included offense of aggravated robbery and merged the two counts for sentencing purposes. Thereafter, the trial court sentenced appellant to six years on the aggravated robbery count and three years on the firearm specification. The court ordered the sentences to be served consecutively.
On September 18, 1997, Attorney Birch filed a Motion for Leave to File a Delayed Appeal, which this Court granted on October 30, 1997.
It is from the conviction and sentence appellant prosecutes this appeal raising as his sole assignment of error:
 THE DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS AND OF EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND BY SECTIONS 10 AND 16 OF ARTICLE ONE OF THE CONSTITUTION OF THE STATE OF OHIO.
Herein, appellant contends he was denied his constitutional right to effective assistance of counsel.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness.Lockhart v. Fretwell (1993), 113 S.Ct. 838, 122 L.Ed.2d 180;Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3
d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at paragraph three of the syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
The United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 143, quoting Strickland v. Washington,supra, at 697. Accordingly, we will direct our attention to the second prong of the Strickland test and examine whether Attorney Birch's alleged deficiencies prejudiced appellant.
Appellant points to two omissions by Attorney Birch, which he maintains evidence the fact counsel's performance fell below an objection standard of reasonable representation, thereby prejudicing him.
First, appellant asserts he was prejudiced by defense counsel's failure to object when Deputy Harrow testified about appellant's expired driver's license and outstanding warrants because such evidence was not within the anticipated testimony contemplated in the trial court's ruling. Second, appellant claims he was prejudiced by Attorney Birch's failure to interview Deputy Harrow. Appellant explains if the attorney had interviewed Harrow, he would have recognized the need to subpoena Detective Goldsberry to testify to the fact the charges stemming from the January, 1995 traffic stop had been dismissed. Regarding the first omission, we note an attorney is not ineffective for failing to raise an objection which would have been denied. State v.Gibson (1980), 69 Ohio App.2d 91, 95. The trial court denied appellant's objection to Harrow's testimony relative to the January 5, 1995 arrest. Since the testimony about appellant's expired driver's license and the outstanding warrants was offered to explain the basis for the arrest and the circumstances surrounding the discovery of the pistol, we find it unlikely the trial court would have sustained an objection to such testimony on the basis its prejudicial effect would substantially outweigh its probative value.
We now turn our attention to the second omission. "In order to obtain a reversal on ineffective assistance of counsel based on a failure to subpoena a witness, a defendant must demonstrate that the testimony of the witness would be of significant assistance to the defense." State v. Reese (1982), 8 Ohio App.3d 202, 203. The State agreed to a stipulation of the fact the charges stemming from the January, 1995 arrest had been dismissed. After closing arguments and jury instructions, the trial court informed the jury of the stipulation. We fail to see why or how Detective Goldsberry's testifying the charges had been dismissed would have a more significant impact on the jury than the trial court's informing the jury of the State's stipulation. We find the stipulation is sufficient to render any error in Attorney Birch's failure to subpoena the witness harmless. Additionally, we find appellant failed to show Attorney Birch's interviewing Deputy Harrow would have disclosed testimony, which would have been helpful to his case.
Since appellant is unable to show there is a reasonable probability the result would have been different if not for Attorney Birch's error, we find appellant is unable to satisfy the second prong of Strickland and; therefore, was not denied effective assistance of counsel.
Appellant's sole assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.