OPINION
Defendant-appellant David Bryant Varner appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of rape, in violation of R.C. 2907.02. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On or about January 1, 1996, Michelle Belles and appellant began dating. The relationship ended around Valentine's Day when Belles learned appellant was married. Despite the termination of the relationship, Belles and appellant remained friends and kept in contact with one another. Shortly after her relationship with appellant ended, Belles began dating Timothy Sims. Appellant was aware of the relationship through his conversations with Belles.
On June 1, 1997, Belles was house-sitting for a friend. At approximately 7:30 p.m., Belles received a telephone call from Sims, who informed her he was nearby and asked if he could come visit. Belles consented to this request.
When Belles answered the door a few minutes later, she was met not only with Sims, but also with appellant. Despite her surprise at appellant's appearance, Belles merely turned around and reentered the house. Appellant followed Belles into the kitchen. Appellant confronted his former girlfriend about having sexual relations with Sims, and then struck her. Appellant punched Belles approximately ten times. He grabbed her by the hair and dragged her into the living room. Appellant threw Belles onto a loveseat, straddled her, and repeatedly punched her. He strangled her and threatened to kill her.
Thereafter, appellant dragged Belles into the bedroom. Appellant informed Belles he was going to kill her and then kill Sims. Appellant ordered Belles to take her clothes off. As she attempted to comply, he continued to punch her. Belles removed her pants and underpants. Appellant instructed Belles to perform oral sex upon him. Appellant was standing in front of Belles, who was seated on the bed. Although appellant's attempt to force his penis into Belles' mouth was unsuccessful, his penis did make contact with her mouth. When appellant laid down on the bed, Belles managed to escape. She ran out of the house and hid in a neighbor's bushes.
Appellant and Sims left the scene in appellant's vehicle. Belles returned to the house, called her father, and then called the police. Paramedics transported Belles to Columbia Mercy Medical Center, where a rape kit was performed.
On August 1, 1997, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02. At his arraignment on August 8, 1997, appellant entered a plea of not guilty to the charge. A jury trial commenced on December 16, 1997. At trial, Attorney Steve LoDico, appellant's trial counsel, did not call any witnesses on appellant's behalf. During the cross-examination of Detective Wilson, Attorney LoDico attempted to adduce testimony regarding the information discovered during the police investigation. Specifically, defense counsel asked:
 Detective Wilson, is it not true that during the course of your investigation, you discovered a wealth of information and its you who decides what information to give and what you present? Isn't that correct?
Transcript of Proceedings, pp. 199-200.
The trial court sustained the State's objection to the question. Defense counsel did not follow up with specific questions regarding the information obtained by detectives.
During the cross-examination of Michelle Belles, the following dialogue occurred:
 Q. [Attorney LoDico] Now, ma'am, let me just ask you this: Do you know what is in these bags of clothing?
A. [Michelle Belles] No.
 Q. Your clothing is not ripped or torn or stretched in any manner, shape or form, is it, ma'am?
Tr. at 233-234.
After the trial court sustained the State's objection to the question, defense counsel asked, "The clothing that you wore that night * * * was it ripped?" Tr. at 234. Before the victim answered and before the State interjected another objection, the trial court stated, "Counsel, its already been sustained. As you know, there does not have to be resistance on behalf of the alleged victim." Tr. at 234. Thereafter, defense counsel had the court reporter mark Belles' pants and underpants as Defendant's Exhibits D and E. Attorney LoDico showed the victim the pants and underpants. The victim confirmed the items were the clothing she had on the night of the attack. These exhibits were not offered into evidence.
Prior to the trial court's charging the jury, appellant waived the reading of the jury instruction relative to a defendant's not taking the witness stand. After hearing all the evidence and deliberations, the jury found appellant guilty of rape as charged in the indictment. Appellant waived his right to a sentencing hearing. The trial court sentenced appellant to a determinate term of nine years imprisonment. The jury verdict and sentence were memorialized in a Judgment Entry dated December 19, 1997.
It is from this conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. COUNSEL FOR DEFENDANT-APPELLANT'S INEFFECTIVENESS PREJUDICED MR. VARNER'S DEFENSE AND COUNSEL MADE ERRORS SO SERIOUS THAT HE WAS NOT FUNCTIONING AS "COUNSEL" AS DEFINED BY THE SIXTH AMENDMENT.
 II. THE TRIAL COURT ERRED, ABUSED IT'S DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW DEFENSE COUNSEL TO INQUIRE AS TO ALL EVIDENCE WHICH DETECTIVE WILSON HAD ACQUIRED DURING THE COURSE OF THE STATE'S INVESTIGATION. (R. 199-200)
 III. THE TRIAL COURT ERRED, ABUSED IT'S DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW DEFENSE COUNSEL TO INQUIRE AS TO THE CONDITION OF THE ALLEGED VICTIM'S CLOTHING. SAID TESTIMONY WAS CRUCIAL TO THE DEFENSE POSITION THAT THE SEXUAL CONDUCT WAS CONSENSUAL. (R. 234)
 IV. THE TRIAL COURT ERRED, ABUSED IT'S DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED APPELLANT TO SERVE NINE (9) YEARS CONFINEMENT WITHOUT AN INQUIRY AS TO HIS BACKGROUND AND OTHER RELEVANT SENTENCING FACTORS.
 I
In his first assignment of error, appellant maintains he was denied his constitutional right to effective assistance of counsel.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness.Lockhart v. Fretwell (1993), 113 S.Ct. 838, 122 L.Ed.2d 180;Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3
d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
Appellant points to four omissions by Attorney LoDico, which he maintains evidence the fact counsel's performance fell below an objective standard of reasonable representation, thereby prejudicing him. First, appellant asserts he was prejudiced by defense counsel's failure to subpoena the police officers dispatched to the scene. Appellant explains this failure prevented the admission of the police reports, which reveal discrepancies in Belles' testimony, into evidence. Second, appellant claims he was prejudiced by defense counsel's failure to subpoena the emergency room physician who examined Belles on the night of the incident. Appellant explains Dr. Batizz "could have testified as to the lack of injuries to the alleged victim's neck, thereby lessening her credibility as to the Defendant's [sic] testimony that David Varner strangled her." Brief of Defendant-Appellant at 3. Next, appellant contends he was prejudiced by Attorney LoDico's failure to admit the medical report and the victim's clothing into evidence. Appellant submits the failure to admit these items into evidence prevented the jury from examining the inconsistencies between statements in the medical report and the condition of the clothing. Finally, appellant maintains he was prejudiced by counsel's decision to remove the jury instruction relative to a defendant's not taking the witness stand.
We turn to the first omission. "In order to obtain a reversal on ineffective assistance of counsel based on a failure to subpoena a witness, a defendant must demonstrate that the testimony of the witness would be of significant assistance to the defense." State v. Reese (1982), 8 Ohio App.3d 202, 203. We note the record is devoid of a proffer of the testimony the officers would have given or the contents of the police reports. Based upon the status of the record presently before this Court, we find appellant is unable to demonstrate the officers' testimony would have been of significant assistance to his defense. Likewise, with respect to appellant's second alleged omission, the record is devoid of a proffer of the testimony of Dr. Batizz or his medical report; therefore, appellant is unable to demonstrate Dr. Batizz's testimony would have been of significant assistance to his defense.
We now turn our attention to the third omission. At trial, Attorney LoDico cross-examined Belles regarding the inconsistency between her statement to the emergency room physician that her clothing had been ripped off, and the actual condition of the clothing. Defense counsel marked the victim's pants and underpants and showed the clothing to Belles and the jury. We find appellant is unable to demonstrate he was prejudiced by trial counsel's failure to offer the clothing into evidence. Because the jury viewed the clothing, it was not prevented from determining whether any inconsistencies existed between the victim's statements to emergency room personnel and the condition of her clothing after the attack.
Turning to the final omission, our review of the record indicates trial counsel made the court aware of appellant's wish to remove the instruction relative to a defendant's not taking the witness stand. In the presences of the trial court, Mr. LoDico asked appellant if he desired the removal of the instruction, to which appellant replied, "Yes." It is well accepted law a party is not permitted to complain of an error which said party invited or induced the trial court to make. See, State v. Kollar (1915),93 Ohio St. 89. We find by inviting the error and consenting to it, appellant waived any legitimate claim of ineffective assistance of counsel.
Because appellant is unable to show there is a reasonable probability the result would have been different if not for Attorney LoDico's omissions, we find appellant is unable to satisfy the Strickland test; therefore appellant was not denied effective assistance of counsel.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred and abused its discretion in refusing to allow defense counsel to inquire of Detective Wilson regarding all the evidence acquired during the investigation.
During the cross-examination of Detective Wilson, Attorney LoDico asked, "Detective Wilson, is it not true that during the course of your investigation, you discovered a wealth of information and its you who decides what information to give and what you present? Isn't that correct?" Tr. at 199-200. The State objected. The trial court sustained the objection. Attorney LoDico did not ask any further questions.
Because the aforementioned question is open-ended, nebulous, and actually presents two separate questions, we find the trial court did not err in sustaining the State's objection thereto. Despite appellant's contention, the trial court's ruling on the State's objection to this question did not prevent appellant's trial counsel from asking more specific questions regarding Detective Wilson's investigation.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant asserts the trial court erred and abused its discretion in refusing to allow defense counsel to inquire of the victim as to the condition of her clothing. Appellant maintains the testimony was crucial to his defense the sexual conduct was consensual.
During the cross-examination of Belles, defense counsel attempted to elicit testimony concerning the condition of the victim's clothing worn during the night of the attack. The trial court prevented Attorney LoDico from pursuing this line of questioning, ruling the State did not have to prove resistance on the behalf of the victim.
Pursuant to R.C. 2907.02(C), the State is not required to prove resistance by the victim in a rape case. However, in the instant action, appellant asserted the affirmative defense of consent. Although the State presented overwhelming evidence of appellant's use of physical force against the victim, the presentation of this evidence does not preclude appellant from making an inquiry of the victim as to the condition of her clothing, which may or may not be circumstantial evidence of consent. Accordingly, we find this evidence is relevant. We do not disagree the other evidence presented in this case refutes appellant's inference the sexual conduct was consensual, however, the physical injuries to the victim does not render evidence of the condition of her clothing irrelevant or inadmissable. We find the trial court erred in excluding appellant's inquiry of the victim in this regard.
Despite the fact the trial court erred, the record reveals defense counsel showed the victim and the jury the pants and underpants, Defendant's Exhibits D and E, which were not ripped or torn. As such, appellant was able to accomplish through visible presentation to the jury what he sought to do through his cross-examination of the victim.
Accordingly, we find any error in the exclusion of the victim's testimony was not prejudicial for the reason noted above and because of the overwhelming evidence of physical force, clearly outweighs any suggestion of consent.
Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant asserts the trial court erred and abused its discretion in sentencing appellant to serve a determinate term of nine years imprisonment. Appellant submits the trial court failed to inquire into appellant's background and failed to consider the sentencing criteria set forth in R.C. 2921.11-2929.14. Specifically, appellant claims the trial court abused its discretion in failing to order a presentence investigation and failing to ascertain the victim's desires regarding sentencing.
The applicable standard of review is abuse of discretion. The term "abuse of discretion" connotes more than error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
The possible sentence range for the instant offense is three to ten years imprisonment. Accordingly, we find the trial court did not abuse its discretion in sentencing appellant to a term of imprisonment less than the maximum allowable sentence.
Appellant's fourth assignment of error is overruled.
The conviction and sentence of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.