DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas.
On July 28, 1998, appellant, William Metcalf, was indicted on one count of felonious assault on a peace officer with a firearm specification. A trial commenced on September 22, 1998. Toledo Police Officer Reid Werner testified he was on duty on July 21, 1998, in the early afternoon, when he noticed empty bottles falling from a moving pick-up truck. The bottles had fallen out because there was no tailgate on the truck. Officer Werner testified he had to swerve his cruiser to avoid the bottles. As a result, he signaled the driver of the truck to pull off of the road. Officer Werner then approached the driver's side of the truck and asked for the driver's license. The driver explained he had no identification but claimed his name was Michael A. Russell and that he was from Michigan. Officer Werner returned to his cruiser. When the police dispatcher indicated that there was no record on file for a Michael A. Russell in Ohio or Michigan, Officer Werner requested back-up assistance. He again exited his cruiser and approached the driver's side of the truck. Officer Werner testified he asked the driver to step out of the truck. In court, Werner identified appellant as the driver. Officer Werner testified that in response, appellant stated "No, I'm not getting out, I'm not going back." Appellant then accelerated away from the curb. Officer Werner ran back to his cruiser and began a pursuit of the truck.
Officer Werner followed the truck for a couple of blocks before it stopped in the middle of Martin Street. The truck stopped in a sideways direction. Officer Werner positioned his cruiser in front of the driver's side of the truck to prevent appellant from fleeing. Officer Werner testified that appellant was able to exit the truck and point a shotgun at his face. Officer Werner testified he immediately rolled out of the driver's side of the cruiser, pointed a handgun at appellant and ordered him to drop the shotgun. At that instance, another police cruiser arrived. Officer Werner testified that appellant refused to drop the shotgun. Instead, he yelled "kill me, shoot me, I'm not going back." Officer Werner testified that he repeatedly ordered appellant to drop the weapon and that appellant repeatedly asked to be shot. Appellant then turned the barrel of his shotgun to face the other officer who had arrived. Werner once again ordered appellant to drop the shotgun. Appellant pointed his gun alternately at each of the officers. Officer Werner testified he then heard gunfire but could not determine who had fired the shot. Werner fired his gun twice at appellant.
Sergeant Donald Clark of the Toledo Police Department testified that he was the first officer to arrive on the scene to assist Officer Werner. When he parked his cruiser, he saw appellant getting out of the truck. Sergeant Clark testified he also saw appellant pointing a rifle at Officer Werner's windshield. Sergeant Clark exited his cruiser, drew his gun and ran to the trunk area. Sergeant Clark testified that appellant began to point the rifle at him. Clark testified he repeatedly asked appellant to drop the weapon. When appellant ignored the request, Sergeant Clark fired seven shots at appellant, striking him five times.
Joanne Deshetler testified that she was inside her house on the afternoon of July 21 when she heard sirens. Looking out her window, she saw appellant pointing a rifle at two police officers. Jason Wampler testified he also watched the incident from his home. Wampler testified that he heard the police repeatedly ordering appellant to drop his weapon.
Detective William Goetz of the Toledo Police Department arrived at the scene after the shooting. He was assigned the duty of collecting physical evidence. Goetz testified he found appellant's loaded rifle on the ground with the hammer cocked back ready to fire. Detective Carol Mckeon testified she interviewed appellant after the shooting. Appellant told her he knew he was going to be arrested when the police stopped him. Appellant told Mckeon he did not want to go to jail and that he got out of his truck with the rifle because he wanted the officers to shoot him. Detective Wise testified that appellant told her that he wanted to kill himself but he lacked the courage. That is why he wanted the police to shoot him.
Debra Degroft testified that she has known appellant for twenty years. Degroft testified that appellant has Crohn's disease and as a result, becomes severely depressed. Sometimes, he talks of committing suicide. Finally, appellant took the stand. He testified that on July 21, 1998 he was depressed about his illness and his relationship with his mother. When Officer Werner pulled him over, appellant testified he was scared of going to jail. Specifically, appellant was afraid that his license had been suspended because he had failed to pay child support. When Officer Werner asked for identification, appellant said he was his cousin. After the chase, appellant testified that he got out of his truck holding the rifle because he was hoping the police would shoot him. Appellant testified he never aimed his rifle at either of the officers. He testified that he never intended to harm the officers. Rather, he intended for them to kill him.
On September 25, 1998, a jury found appellant guilty of felonious assault of a police officer. The jury further found that appellant had used a firearm in committing the offense. He was sentenced to four years in prison for felonious assault. He received a consecutive three year sentence for the firearm specification. Appellant now appeals setting forth the following assignment of error:
 "I. APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT EXPERT WITNESS TESTIMONY CONCERNING APPELLANT'S MEDICAL AND PSYCHOLOGICAL CONDITION AT THE TIME OF THE ALLEGED OFFENSE."
The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors. the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent.Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. State v. Hunt (1984), 20 Ohio App.3d 310, 311.
The decision whether or not to call an expert witness is solely a matter of trial strategy. State v. Coleman (1989),45 Ohio St.3d 298, 307-08. A decision by defense counsel not to call an expert witness generally will not sustain an ineffective assistance of counsel claim. State v. Nicholas (1993), 66 Ohio St.3d 431,436; State v. Thompson (1987), 33 Ohio St.3d 1, 10-11. A failure by defense counsel to call a witness at trial does not constitute ineffective assistance of counsel absent a showing of specific prejudice. State v. Williams (1991), 74 Ohio App.3d 686,695; State v. Reese (1982), 8 Ohio App.3d 202, 203.
Appellant contends that his trial counsel should have called an expert witness to testify regarding appellant's medical and psychological condition on the day of the offense. Appellant contends that such an expert would have convinced the jury that appellant did not "knowingly" commit felonious assault.
Appellant testified as to his state of mind on the day of the incident. Appellant has not shown that an expert would have been available to testify in support of appellant's theory at trial and whether or not such witnesses would have been effective. It would be speculative for this court to conclude that the failure to call such an expert violated an essential duty owed to appellant, or that such failure resulted in prejudice in this particular case. There simply is no evidence that the outcome of the trial would have been different if trial counsel had called an expert witness. Accordingly, appellant's sole assignment of error is found not well taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J., RICHARD W. KNEPPER, P.J., and MARK L. PIETRYKOWSKI, J., concur.