[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In this consolidated appeal, appellant Antonio Daniels raises one assignment of error. He contends that he was denied effective assistance of counsel because trial counsel failed to subpoena a witness; failed to ask for a continuance when he discovered that the witness was no longer in the courthouse; and failed to make a timely proffer upon discovering that the witness had left.
Following a jury trial, Daniels was convicted of violating a protection order that prevented him from being within one hundred feet of Lateefah Daniels, his wife. The evidence at trial consisted of Lateefah Daniels's testimony that when Daniels saw her at a gas station, he entered the parking lot so that he was within a few feet of her and yelled that he was going to kill her. She used her cell phone to called 911. Daniels then left, after speaking briefly to woman in a red car parked behind Lateefah Daniels's car.
A police officer testified that Daniels told him that, although he had observed his wife at the gas station, he had crossed the street and entered the gas station parking area only to speak to an unidentified woman in a red car parked near his wife.
Daniels testified that he had seen his friend Nicole Jamison driving a green car. She stopped and flagged him to come over to the gas station. Lateefah Davis was not present. Daniels and Jamison spoke, but when Daniels saw his wife pull into the station, he immediately left. Daniels denied speaking to a woman in a red car.
After Daniels testified, the trial court asked whether the defense had any additional witnesses. Daniels's counsel asked if he could check the hallway to see if anyone was present. Upon returning, counsel was again asked by the court whether there were any additional witnesses. Daniels's counsel responded that there were not. Sometime before the jury's deliberations were completed, Daniels's counsel stated that he wanted to put in the record that Daniels had brought Nicole Jamison to court and that he had told opposing counsel that Jamison would be a witness. When Jamison's child began to make noise, the bailiff asked her to leave. (The bailiff stated that he had not asked Jamison to leave, but had asked her to move to the front lobby, out of earshot of the courtroom.)
While the jury remained out of the courtroom, Daniels's counsel "proffered" his belief that Jamison would have testified that she and Daniels had flagged each other down and that she had pulled into the gas station. Daniels crossed the street. While they were talking, Daniels's wife pulled into the parking lot. Daniels told Jamison, "That's my wife," and left without saying anything to his wife. Counsel admitted that Jamison had not been subpoenaed. But at no time did counsel request a continuance to obtain the testimony of the missing witness.
To establish ineffective assistance of counsel, Daniels has the burden of demonstrating both that counsel's performance fell below an objective standard of reasonable representation and that his defense was prejudiced by counsel's deficient performance.[1] Prejudice exists where counsel's ineffectiveness has rendered the reliability of the trial suspect.[2]
Daniels's burden is a difficult one to meet because a "strong presumption exists that counsel's performance fell within the wide range of reasonable, professional assistance," and because reviewing courts will not "second-guess otherwise sound trial strategy."[3] Whether to call a witness is generally a tactical decision. Similarly, the failure to subpoena witnesses is generally "not a substantial violation of an essential duty to a client in the absence of a showing that testimony of any one or more of the witnesses would have assisted the defense."[4]
Whether to seek a continuance is also generally a trial tactic.[5]
In the usual case, Daniels's claim of ineffectiveness of counsel could not effectively be addressed on direct appeal because the record would not reflect the substance of the witness's testimony.[6] Thus, we would be precluded from speculating on what a witness might have said and how it would have affected the proceedings.[7] Further, in the usual case, any testimony proffered to make a record would result from an improperly sustained objection that resulted in the exclusion of the testimony.[8]
In this case, although there was no improper exclusion of the testimony by the trial court, we have the substance of the witness's testimony because the trial court allowed the "proffer." But we still cannot conclude that counsel's failure to ask for a continuance was other than a tactical decision-Daniels might have wanted to "get it over with" or to take his chances with the jury that he already had.
While we agree that trial counsel's performance was questionable in failing to request a continuance and in failing to subpoena Jamison, we are unwilling to hold that Daniels was prejudiced. Jamison's "proffered" testimony only served to corroborate Daniels's testimony. But we still do not know why Jamison left the courthouse, or whether she would have really testified as "proffered." Without more, we are unable to conclude that counsel's performance was deficient or that Daniels was prejudiced. Therefore, we overrule Daniels's assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[2] See State v. Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965,977, citing Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838.
[3] See State v. Seymour (Dec. 24, 1996), Hamilton App. No. C-960276, unreported.
[4] See State v. Seymour, supra; State v. Reese (1982),8 Ohio App.3d 202, 456 N.E.2d 1253.
[5] See State v. Berch (Aug. 25, 1993), Mahoning App. No. 91 C.A. 222, unreported.
[6] See State v. Hendershot (Jan. 16, 2001), Licking App. No. 99CA102, unreported; State v. Seymour, supra.
[7] See State v. Owens (Mar. 1, 1990), Cuyahoga App. No. 56577, unreported.
[8] See Weissenberger's Ohio Evidence (2001) 16, Section 103.2.