DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas that found appellant guilty of one count of aggravated vehicular assault, one count of vehicular assault, one count of failing to stop after an injury accident and one count of driving while under the influence of alcohol. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "I. The trial court erred to the prejudice of the defendant-appellant in denying his motion for a mistrial, where the state failed to disclose the existence of evidence that was favorable to the accused, as requested by defense counsel, and required by the Ohio Criminal Rules, and such evidence came to light only through cross-examination of a prosecution witness after the trial had begun.
 "II. Defendant-appellant was convicted without the effective assistance of counsel, in violation of his rights under the U.S. and Ohio Constitutions.
 "III. The trial court erred to the prejudice of the defendant-appellant when it failed to sentence him to concurrent minimum prison terms."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On the night of June 29, 2000, while riding his motorcycle to work, Johnny Bailey was struck and seriously injured by another vehicle. Within one-half hour of the accident, police found a damaged pick-up truck with appellant's wallet and driver's license inside of it abandoned in a nearby parking lot. The officers went to appellant's home and placed him under arrest. The arresting officers did not administer field sobriety tests and, when appellant was asked to submit to a breath-alcohol test at the police station, he refused.
On September 11, 2000, appellant was indicted on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1) and4511.19, one count of vehicular assault in violation of R.C. 2903.08(A)(2), one count of failing to stop after an injury accident in violation of R.C. 4549.02 and 4549.99(B), and one count of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant entered pleas of not guilty to the charges and on January 23, 2001, a jury trial began.
During cross-examination of one of the state's witnesses, defense counsel learned of the existence of a videotape of appellant at the police station after his arrest which had not been disclosed by the state. The witness' testimony was suspended and he was instructed by the court to obtain the videotape and return it to the court before the end of the day. The state then called several more witnesses. The prosecutor and defense counsel had the opportunity to view the videotape after court adjourned, and the following day the defense moved for a mistrial based on the state's failure to provide the tape. The defense argued that appellant was prejudiced because the tape contained evidence that would contradict the testimony of several police officers that he was intoxicated at the time of his arrest. Defense counsel also argued that if he had known of the existence of the videotape, he would have moved to suppress his refusal to take the breathalyzer test, based on a lack of probable cause for the arrest. The trial court denied the motion, finding that, even if the videotape had been made available and the defense had filed a motion to suppress, there was sufficient probable cause for appellant's arrest and the motion to suppress would have been denied. The defense further argued that not having the videotape had caused prejudice in terms of the ability to prepare for trial and effectively cross-examine witnesses. The trial court noted that counsel had already been given the opportunity to view the videotape and had cross-examined one of the arresting officers. The court agreed to allow counsel to view the videotape again over the lunch recess and prepare for further cross-examination of the arresting officer, but ordered that the trial proceed at that time with the state's other witnesses.
Trial resumed and on January 26, 2001, appellant was found guilty of all four charges. On March 14, 2001, appellant was sentenced to serve a four-year term on the aggravated vehicular assault conviction. Finding that vehicular assault is an allied offense of similar import, the trial court declined to impose conviction or sentence on the offense, and dismissed the charge. The court further found that the conviction for driving while under the influence of alcohol was subsumed under the aggravated vehicular assault conviction. Finally, the trial court imposed a consecutive ten-month sentence on the conviction for failure to stop after an injury accident. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that the trial court erred by failing to grant his motion for a mistrial after the defense discovered the existence of the videotape. Appellant argues that the videotape was discoverable pursuant to Crim.R. 16(B)(1)(a)(i), (c), and (f), and that if he had been given timely discovery of the tape, counsel's cross-examination of the police officers would have been more effective. Appellant asserts that the videotape was vital to his defense, because it went to the issue of his alleged intoxication, which was "the very heart" of the case. Appellant argues that the state's evidence of his intoxication the night of the accident was "not exactly ironclad" and that the state relied on the testimony of the police officers since there had been no field sobriety tests or blood-alcohol tests. Appellant suggests that the police officers were strongly motivated to exaggerate or lie in this case to get a conviction.
As to appellant's claim that the trial court should have granted a mistrial, such a decision rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 182, citing State v.Williams (1975), 43 Ohio St.2d 88. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
This court has thoroughly reviewed the transcript of proceedings in the trial court and it is evident that the court's decision to deny the motion for a mistrial was not hastily or arbitrarily made. The court engaged in a lengthy dialog with counsel over this issue, asking many questions and clearly giving the matter serious consideration. The court determined that any potential prejudice from the delay in learning of the tape was averted by the opportunity to view the tape twice, with some extra time allotted to prepare to cross-examine the arresting officers. Based on the foregoing, this court finds that the trial court's decision to deny the motion for a mistrial was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that trial counsel was ineffective in several regards. To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984),466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. Statev. Hamblin (1988), 37 Ohio St.3d 153.
Appellant first argues that once counsel became aware of the videotape he should have objected immediately to further testimony by any of the police officers who had contact with appellant until counsel had the opportunity to view the tape. While the first officer left to retrieve the video, four other officers testified as to their involvement with the accident, two of them stating that appellant appeared intoxicated when they went to his home and arrested him. Appellant asserts that counsel was not prepared to cross-examine those officers because he had not yet seen the video and should have reserved the right to recall those witnesses. Appellant also argues that counsel was ineffective for failing to use expert testimony to show that appellant's account of the accident was plausible.
As to appellant's first argument, we find that counsel was not ineffective for failing to object to the testimony of the other officers before he had an opportunity to view the videotape. As explained above, counsel was advised by the trial court that he could continue his cross-examination of the first officer after he viewed the videotape. The record reveals that trial counsel cross-examined the other four officers. Of the four officers who testified before counsel viewed the videotape, only two had contact with appellant; the other two were engaged at the scene of the accident. Two of the officers who went to appellant's house testified as to his condition upon arrest. One other officer testified that he inspected the abandoned truck and that the truck smelled of alcoholic beverages. All of the officers were cross-examined by defense counsel with the exception of the one who had no contact with appellant. It is important to note that the videotape depicted appellant in an interview room at the police station after his arrest. The testimony of the four officers who were involved prior to that had nothing to do with appellant's condition as depicted on the tape and counsel's cross-examination of the officers would not have been affected by the contents of the videotape. We therefore find that trial counsel was not ineffective for failing to object to the officer's testimony prior to examining the videotape.
As to counsel's failure to use expert testimony as to how the accident occurred, the decision whether or not to call an expert witness is solely a matter of trial strategy. State v. Coleman (1989), 45 Ohio St.3d 298,307-08. A decision by defense counsel not to call an expert witness generally will not sustain an ineffective assistance of counsel claim.State v. Nicholas (1993), 66 Ohio St.3d 431, 436; State v. Thompson
(1987), 33 Ohio St.3d 1, 10-11. Further, a failure by defense counsel to call a witness at trial does not constitute ineffective assistance of counsel absent a showing of specific prejudice. State v. Williams
(1991), 74 Ohio App.3d 686, 695; State v. Reese (1982), 8 Ohio App.3d 202,203.
Appellant has not shown that there was an expert witness available who would have supported his theory of how the accident happened or even that such a witness would have been effective. As there is no evidence that the outcome of the trial would have been different if appellant's counsel had called an expert witness, this argument is without merit.
Based on the foregoing, this court finds that appellant has not shown a reasonable probability that but for counsel's actions as cited above the results of the trial would have been different and, accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by imposing a sentence of four years for the aggravated vehicular assault conviction. Appellant argues that the minimum sentence of one year would have adequately protected the public and would have been appropriate for him as a first-offender. Appellant also argues that the ten-month sentence for leaving the scene of an injury accident should have been ordered served concurrently with the four-year sentence.[1]
Aggravated vehicular assault is a third-degree felony for which the trial court is required to impose a prison term of one, two, three, four or five years. R.C. 2903.08(C); R.C. 2929.14(A)(3). R.C. 2929.14(B) states that if the court is required to impose a prison term on the offender and if the offender previously has not served a prison term, as is the case with appellant herein, "* * * the court shall impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
The Supreme Court of Ohio has held that R.C. 2929.14(B) does not require that the trial court give its reasons for finding that either of the two factors exist before it can lawfully impose more than the minimum authorized sentence, but has concluded that "the verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
This court has carefully reviewed the transcript of the sentencing hearing and the trial court's judgment entry of sentence and we find that the court did consider the factors set forth in R.C. 2929.14(B) which justify deviating from the minimum sentence, finding that the shortest prison term would demean the seriousness of the offender's conduct and would not adequately protect the public. Accordingly, we find that the trial court complied with the requirements of R.C. 2929.14(B) and this argument is without merit.
Appellant also argues that the two sentences should be served concurrently because the offenses of aggravated vehicular assault and leaving the scene of an injury accident were only separated by "a mere split second" and constituted a single course of conduct. Initially, we find that appellant's acts of running into a motorcyclist and then making the decision to leave the severely injured man lying alone in the road, drive away and then abandon his truck and walk the remaining one quarter-mile home, did not constitute a single course of conduct but rather two entirely separate acts.
R.C. 2929.14(E)(3), in effect at the time of appellant's sentencing, provided that:
 "(3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The trial court in this case found on the record that the consecutive sentences are necessary to protect the public from future crime and to punish appellant. The trial court also found that the consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. Finally, it is clear from the record that when imposing the consecutive sentences the trial court considered appellant's history of criminal conduct, which the court noted included three prior convictions for driving while under the influence of alcohol. Based on the foregoing, this court finds that the trial court did not err by imposing consecutive sentences and appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] Appellant's sentences were imposed one week prior to the March 22, 2001 amendment of R.C. 2929.14. References herein are to the sections and subsections as they were designated at the time of sentencing.