[Cite as *State v. Honzu*, 2024-Ohio-5266.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- vs -

DAVID HONZU,

Defendant-Appellant.

CASE NO. 2024-T-0040

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00561

**O P I N I O N**

Decided: November 4, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*David Honzu*, pro se, PID# A794-676, Marion Correctional Institution, 940 Marion-Williamsport Road, E., P.O. Box 57, Marion, OH 44301 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, David Honzu ("Mr. Honzu"), appeals from the judgment of the Trumbull County Court of Common Pleas that denied his petition for postconviction relief.

{¶2} Mr. Honzu raises one assignment of error, contending the trial court erred in denying his petition for postconviction relief because his trial counsel were ineffective (Mr. Honzu was represented by two attorneys from the Ohio Public Defender's Office).

{¶3} After a careful review of the record and pertinent law, we find Mr. Honzu's assignment of error to be without merit because he failed to proffer evidence outside of

the record that if true, would show his trial counsel were ineffective. Mr. Honzu failed to file even a self-serving affidavit to support his assertions, and the evidence he did attach was already a part of the record. Thus, Mr. Honzu's claim is barred by the doctrine of res judicata, and the trial court properly dismissed his petition.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} This case arose from the Sexual Assault Initiative (the "SAK Initiative"), which was started by the Ohio Attorney General's Office in 2011. The purpose of the SAK Initiative was to test a backlog of previously untested rape kits that were languishing in various police departments and sheriff's offices around the State of Ohio. One of those rape kits, collected in 2007, was from an unsolved incident involving an unidentified assailant who kidnapped and brutally beat and raped a female victim in Warren, Ohio. As part of the SAK Initiative, the rape kit was tested. The result led to a DNA match in CODIS (Combined DNA Index System) and identified Mr. Honzu as the assailant. *State v. Honzu*, 2023-Ohio-2833, ¶ 1 (11th Dist.).

{¶6} The Trumbull Grand Jury indicted Mr. Honzu on five counts: (1) kidnapping, a first-degree felony, with sexual motivation, sexually violent predator ("SVP"), and repeat violent offender ("RVO") specifications, in violation of R.C. 2905.01(A)(4) and (C), 2941.147, 2941.148, and 2941.149; (2) kidnapping, a first-degree felony, with sexual motivation, SVP, and RVO specifications, in violation of R.C. 2905.01(B)(1) and (C), 2941.147, 2941.148, and 2941.149; (3) kidnapping, a first-degree felony, with sexual motivation, SVP, and RVO specifications, in violation of R.C. 2905.01(B)(2) and (C), 2941.147, 2941.148, and 2941.149; and (4) & (5) rape, first-degree felonies, with SVP

2

and RVO specifications, in violation of R.C. 2907.02(A)(2) and (B), 2941.148, and 2941.149. *Honzu* at ¶ 7.

{¶7} The jury found Mr. Honzu guilty on all five counts, including the sexual motivation specifications attached to the three kidnapping counts. In a separate hearing, the trial court found Mr. Honzu is a sexually violent predator and a repeat violent offender. *Honzu* at ¶ 14.

{¶8} The State and the defense stipulated that the kidnapping counts (counts one, two, and three) merged for purposes of sentencing, and the State elected to move forward with sentencing on count one. *Honzu*, 2023-Ohio-2833, at ¶ 20 (11th Dist.). The trial court sentenced Mr. Honzu on the merged kidnapping count and the two counts of rape to identical, consecutive terms of imprisonment of a minimum of 20 years to a maximum of life in prison on each count (10-year terms on the RVO specification for each count to be served prior to and consecutive to a 10-year term for each offense, and up to a mandatory term of life on each SVP specification) for a total of 60 years to life (to be served consecutively to his sentence in a 2022 attempted kidnapping case). *Id.* at ¶ 21.

{¶9} We affirmed Mr. Honzu's conviction on appeal, after determining that his assignment of error challenging the trial court's verdict on the SVP and RVO specifications was without merit. *Honzu* at ¶ 37, 42.

{¶10} In January 2024, Mr. Honzu filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," in which he contended his trial counsel were ineffective for failing to investigate discovery materials in the case, which differed substantially from the victim's trial testimony. He further claimed that trial counsel failed to cross-examine the victim witness on those inconsistencies. In addition, he asserted

3

that trial counsel failed to investigate potential defenses and that they failed to preserve crucial evidence. Attached to Mr. Honzu's petition was a google search of the time of sunrise in Warren, Ohio, on July 29, 2007, the date the incident occurred; and a police report following the incident that included a record of the sexual assault nurse examiner's report, a supplement report of the police investigation when it was reopened in 2018, and an Ohio Bureau of Criminal Investigation DNA report of the victim's rape kit.

{¶11} The State filed a motion to dismiss Mr. Honzu's petition, contending that he failed to establish substantive grounds for relief, and that his claims are barred by the doctrine of res judicata. More specifically, the State argued that Mr. Honzu failed to attach any supporting evidence de hors the record, including affidavits, self-serving or otherwise; that he had different counsel on appeal; and that he failed to allege an actual error by trial counsel.

{¶12} The trial court denied Mr. Honzu's petition without a hearing. In its findings of fact and conclusions of law, the trial court found that Mr. Honzu failed to present any affidavits to support his allegations, and/or establish any credible evidence in support of his burden to demonstrate ineffective assistance by his trial counsel. The trial court concluded that Mr. Honzu failed to demonstrate any sufficient grounds to support his claim of ineffective assistance of counsel and that his claim was barred by the doctrine of res judicata.

{¶13} Mr. Honzu raises one assignment of error for our review:

{¶14} "Appellant received ineffective assistance of counsel."

4

Case No. 2024-T-0040

**Petition for Postconviction Relief**

{¶15} A petition for post-conviction relief may be filed by a convicted criminal defendant who claims "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . ." R.C. 2953.21(A)(1)(a)(i). The petition shall state the grounds for relief relied upon and may ask the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. *Id.*

{¶16} If the petition "'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.'" *State v. Bunch*, 2022-Ohio-4723, ¶ 23, quoting *State v. Milanovich*, 42 Ohio St.2d 46 (1975), paragraph one of the syllabus.

{¶17} "In determining whether the petition states a substantive ground for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings. R.C. 2953.21(D). If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition. R.C. 2953.21(D) and (E). If the record does not on its face disprove the petitioner's claim, then the court is required to 'proceed to a prompt hearing on the issues.' R.C. 2953.21(F)." *Bunch* at ¶ 24.

{¶18} In order for a trial court to grant a hearing on a petition for postconviction relief based on an ineffective assistance of counsel, Mr. Honzu's "postconviction petition need not definitively establish counsel's deficiency or whether [he] was prejudiced by it.

5

Instead, the petition must be sufficient on its face to raise an issue whether [Mr. Honzu] was deprived of the effective assistance of counsel . . . ." *Bunch* at ¶ 27. Further, his claim must depend "on factual allegations that cannot be determined by examining the record from his trial." *Id.* *See also State v. Cole*, 2 Ohio St.3d 112, 114 (1982) (to merit a hearing on a postconviction ineffective-assistance claim, a petitioner must proffer evidence outside the record that if true, would show that counsel was ineffective).

{¶19} Fundamentally, a petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.). "Pursuant to the doctrine of res judicata, 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, *any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.*'" (Emphasis added.) *Id.*, quoting *State v. D'Ambrosio*, 1995-Ohio-129, 143, quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). However, "claims [of ineffective assistance of counsel] that rely on evidence outside the record may be heard on postconviction review even if similar claims have been previously raised and adjudicated against the petitioner in his direct appeal," and thus are not barred by the doctrine of res judicata. *State v. Blanton*, 2022-Ohio-3985, ¶ 41. *See also State v. Kyles*, 2024-Ohio-998, ¶ 25 (12th Dist.) (a petitioner who presents a claim of ineffective assistance of counsel, and who demonstrates through evidence outside the trial record that their claim either was not, or could not have been, fairly adjudicated in a direct appeal, is provided a second opportunity to litigate the claim, avoiding dismissal based on the doctrine of res judicata).

6

**{¶20}** We review a trial court's decision on a petition for postconviction relief for abuse of discretion. *Hobbs* at ¶ 14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8 Ed.Rev. 2004). In matters relating to postconviction relief, the trial court's decision should be given deference. *State v. Gondor*, 2006-Ohio-6679, ¶ 52.

## Ineffective Assistance of Counsel

**{¶21}** In his sole assignment of error, Mr. Honzu contends his trial counsel were ineffective because they failed to investigate discovery materials that contradicted the victim's testimony, and they failed to cross-examine the victim witness on those inconsistencies. He further contends his trial counsel failed to investigate potential defenses, failed to preserve crucial evidence, and failed to impeach the victim witness.

**{¶22}** "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . considering all the circumstances." *Id.* at 688.

**{¶23}** "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland* at 687. In other words, "[t]he defendant must show that there is a reasonable probability that, but

7

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶24} We find no error in the trial court's decision to dismiss Mr. Honzu's petition without an evidentiary hearing and in its finding that his claim of ineffective assistance of counsel is barred by the doctrine of res judicata and should have been raised on direct appeal. Mr. Honzu was required to proffer evidence outside the record that if true, would show that his trial counsel were ineffective. *State v. Boyd*, 2023-Ohio-4725, ¶ 11 (7th Dist.); *Bunch*, 2022-Ohio-4723, at ¶ 24, 27. Mr. Honzu failed to file even a self-serving supporting affidavit, and the evidence he did attach, i.e., discovery documents, were already part of the record at the time of his appeal (aside from his google search of the time of sunrise on the day of the incident).

{¶25} Further, Mr. Honzu's direct appeal was handled by different counsel. "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." *State v. Cole*, 2 Ohio St.3d 112 (1982), paragraph one of the syllabus.

{¶26} In addition, we note that while Mr. Honzu contends his trial counsel failed to cross-examine the victim witness on her prior inconsistent statements, a review of the trial transcript reveals the contrary. Defense counsel cross-examined the victim witness to draw out inconsistencies in her testimony based on the statements she made in a recorded interview with the police shortly after the incident occurred in 2007. Thus, the

8

jury was aware of the victim's prior inconsistent statements recalling the night of the incident and her identification of Mr. Honzu.

{¶27} Mr. Honzu also contends defense counsel were ineffective because they failed to subpoena an officer who assisted in reopening/investigating the case. This officer stated in his report that "There's doubt in my mind that this case should be reopened." Mr. Honzu contends this statement would have "put reasonable doubt in the juror's minds." Mr. Honzu further argues that this investigating officer's testimony would have also shown inconsistencies in the victim's testimony identifying him as the assailant.

{¶28} A review of the record belies Mr. Honzu's contention because that investigating officer testified for the State and was cross-examined by defense counsel. Defense counsel questioned the officer if he wrote that statement in his report, to which the officer affirmed that he did. Defense counsel reminded the jury of that statement in their closing statement. Thus, the jury was aware of the investigating officer's doubts as to the investigation in its early stages.

{¶29} Defense counsel also questioned the victim's description of Mr. Honzu to the officer, asking if he agreed that Mr. Honzu had a "long face" and "someone with a whole lot of freckles." The officer agreed Mr. Honzu had a long face, but he could not see any freckles in the photograph. The officer further explained his limited role, stating that "most of the report, I would say there wasn't any investigator value toward me because I wasn't investigating it per se. I was trying to see if [the victim] would be willing to get back into pursuing the criminal charges after the CODIS had been sent to me."

{¶30} Mr. Honzu also contends defense counsel were ineffective for failing to subpoena the victim's ex-mother-in-law. The police were unable to locate the victim after

9

the investigation was reopened because the victim had since remarried and relocated. They were able to identify her new last name after speaking with her ex-mother-in-law. Mr. Honzu contends her testimony would have shown inconsistencies in the victim's testimony. Mr. Honzu, however, failed to include an affidavit and/or other evidence from this witness reflecting her potential testimony to support his general speculations.

{¶31} Most fundamentally, "'the mere failure to subpoena witnesses for a trial is not a substantial violation of defense counsel's essential duty to his client in the absence of any showing that the testimony of any one or more of the witnesses would have assisted the defense to the indictment.'" *State v. Brant*, 1998 WL 386183, *5 (11th Dist. May 22, 1998), quoting *State v. Reese*, 8 Ohio App.3d 202 (1st Dist. 1982), syllabus. Further, the potential testimony must not be a "marginal benefit" to the defense. *Brant* at *5. The petitioner must demonstrate there is a reasonable probability the outcome of the trial would have been different, i.e. the petitioner would not have been convicted if the witness had been called. *Id.* Most pointedly, as our review reveals, defense counsel already elicited testimony on the victim's prior inconsistent statements through their cross-examination of the victim. Moreover, even if the victim's testimony was inconsistent, it does not negate the physical DNA evidence identifying Mr. Honzu as the perpetrator. *Honzu*, 2023-Ohio-2833, at ¶ 10 (11th Dist.).

{¶32} While Mr. Honzu also raised in his assigned error bare allegations that his trial counsel were ineffective because they failed to investigate potential defenses and preserve crucial evidence, he did not elaborate or identify what potential defenses should have been raised and what crucial evidence should have been preserved.

10

Case No. 2024-T-0040

**{¶33}** In sum, Mr. Honzu "was required[, but failed] to raise in his petition a triable issue of fact, supported by evidence outside the record, whether his trial counsel was deficient and whether that deficiency prejudiced him. [Mr. Honzu's] evidence, if true, must [have shown] that trial counsel's actions were not reasonable 'under prevailing professional norms,' *Strickland*[, 466 U.S.] at 688, . . . and that 'there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt,' *id.* at 695. . . .; *see also Hinton v. Alabama*, 571 U.S. 263 . . . (2014)." *Bunch*, 2022-Ohio-4723, at ¶ 37.

**{¶34}** Mr. Honzu's assignment of error is without merit.

**{¶35}** The judgment of the Trumbull County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.